## NEW ERA IRR. CO. v. WARREN IRR. CO., *et al.*

No. 2787.   Decided September 17, 1915, rehearing denied, November
23, 1916 (160 Pac. 1195).

APPEAL AND ERROR—REVIEW—MATERIALITY OF QUESTION.   Where
there was evidence to support finding of an actual appropria-
tion, diversion, and use of the waters for irrigation purposes
by a defendant and its predecessor, question whether state engi-
neer's certificate of appropriation, reciting that defendant's
predecessor had done all required to make a complete appropri-
ation of a certain amount of water, was conclusive or only
prima facie evidence, was immaterial.

Appeal from District Court, Second District; *Hon. C. W.
Morse,* Judge.

Action by the New Era Irrigation Company, a corporation,
against the Warren Irrigation Company, a corporation, and
the Pioneer Land & Irrigation Company, a corporation.

Judgment for defendants.   Plaintiff appeals.

AFFIRMED.

*Skeen Bros. & Wilkins* and *Johnson & Johnson* for appel-
lant.

*Halverson & Pratt* and *H. H. Henderson* for respondents.

STRAUP, C. J.

The plaintiff, as against the defendants, claims a primary
right to pump water from Weber River at or near a place
called Draney's Bend, west of Ogden City.   The plaintiff
claims that it and its predecessor, at that place, in September,
1911, appropriated thirty second feet of unappropriated water
by pumping it from the stream.   It further claims that the
defendants, above the plaintiff's intake, pumped water from
·the stream belonging to the plaintiff.   It therefore brought
this action for injunctive relief.   The defendant Warren Irri-
gation Company answered and counterclaimed that it, for

more than eight years, had acquired and owned a primary right to pump, for irrigation purposes, fifteen second feet of water from the river, which right was prior and superior to that of the plaintiff's. The other defendant, the Pioneer Land & Irrigation Company, answered that it and its predecessors, in January, 1903, appropriated twenty second feet of water by pumping it from the stream, which right was superior and paramount to that of the plaintiff. The plaintiff, in reply, denied that the Warren Irrigation Company had, by means of pumping at the place in question, pumped, diverted, or used for a beneficial purpose any of the waters from the stream; and as to the other defendant, the Pioneer Land & Irrigation Company, it alleged that it, in the years 1903 and 1905, both inclusive, appropriated and pumped, at the place in question, not to exceed two second feet of water; but that in the early summer of 1905, and thereafter, and until 1913, it ceased to pump, or divert, or use any of the waters from the stream, and wholly abandoned and forfeited whatever right it may have had in and to the use of any of the waters. The case was tried to the court, who found the issues in favor of the defendants.

The court found that, in 1903, the Pioneer Land & Irrigation Company, and its predecessor, appropriated and acquired the right to use, for irrigation purposes, seven second foot of water at the place in question, and that it, during the year 1905, pumped seven second feet of water into its ditch for its stockholders for irrigation purposes; but "that from the years 1907 to 1911, both inclusive, it did not use any of the waters through its pumping system."

The court further found:

"That the said Joseph Howard Skeen (the predecessor of the Pioneer Land & Irrigation Company), at the time he established said pumping system, put in a six-inch pump for the purpose of raising the waters of said Weber River into his flume and ditch. That thereafter, in the year 1905, the defendant Pioneer Land & Irrigation Company installed a ten-inch pump, which was operated by a steam engine of twenty-five horse power and a boiler of forty horse power. That during the year 1908 the defendant Pioneer Land &

Irrigation Company disposed of its engine and boiler and did not install another engine and boiler until the year 1912. That during the year 1909 the officers of the Pioneer Land & Irrigation Company were making investigations of electric power with the intention of operating said pump with electricity. That in the spring of 1912 the officer of the defendant Pioneer Land & Irrigation Company installed a fifty horse power engine and sixty horse power boiler, at an expense of $2,500, for the purpose of operating said pump to lift water for irrigation purposes. That said engine and boiler were not installed in time so that said pump could be operated for irrigation purposes during the year 1912, but the Pioneer Land & Irrigation Company did pump during the fall of 1912, for the purpose of testing said pump, engine, and boiler. That during the year 1913 the defendant Pioneer Land & Irrigation Company furnished waters through its said pumping system as then installed and through its various ditches and flumes to irrigate about 500 acres of land belonging to the stockholders of said company. That the main ditch used in conveying said water was two feet deep, four feet wide on the bottom, and six feet on the top, and carried water which was pumped through its said system of seven second feet. That said seven second feet of water is necessary for the use of the stockholders of the defendant Pioneer Land & Irrigation Company to raise and mature crops growing on their said lands. That all the land owned by the stockholders of the Pioneer Land & Irrigation Company is located in sections four, five and six, and thirty-two, township six north, range two west, Salt Lake meridian.

"That at no time has the defendant Pioneer Land & Irrigation Company intended to or has abandoned its rights to the use of the waters under said water right as set out in the notice of the said Joseph Howard Skeen.

"That more than twenty-five years ago the predecessor in interest of the plaintiff constructed that certain canal and canal system known as the Warren Irrigation Canal, tapping the Weber River about four miles below Ogden City and the Mill creek and Four Mile creek, tributaries of the Weber River, at points just above said canal as the same crosses said

streams, and by means of said canal and lateral ditches and dams placed in said streams appropriated, diverted, and used all the waters aforesaid from said several sources of supply during the irrigation season of each and every year since said time, for the irrigation of crops, and for culinary, domestic, and other useful and beneficial purposes on the lands of the stockholders of the defendant Warren Irrigation Company, and their predecessors in interest, and have ever since continuously diverted, appropriated, and used all the waters aforesaid during the irrigation season of each and every year, except at such times when there was a surplus of water in said several sources of supply during the early irrigation season; and that on the 22d day of January, 1906, the state engineer of the state of Utah duly issued his certificate of appropriation to one W. L. Stewart, in the words and figures following (setting it forth in full).''

It shows an application for an appropriation of fifteen second feet of water by W. L. Stewart for irrigation purposes, and contains recitals that the water is lifted from the stream by means of pumping and diverted and used for such purposes, and that he was entitled to the use of that quantity of water, and contains other necessary recitals not here material.

The court further found:

That Stewart and his wife, in June, 1912, conveyed all his right so acquired to the Warren Irrigation Company who ''immediately in the same year installed a new pumping plant at the point described in the plaintiff's complaint, and known as Draney's Bend, and in said certificate mentioned, at great expense, to wit, at an expense of about $8,000, and during every irrigation season since said time during the low water season when there was a shortage of water in the Weber River and the sources of supply of the said defendant Warren Irrigation Company, the said defendant Warren Irrigation Company, has pumped water from the Weber River by means of said pumping plant, and into said canal of the Warren Irrigation Company, and distributed the same through said canal system for irrigation, culinary, and domestic purposes to the stockholders of the defendant Warren Irrigation Company.

That the stockholders of the defendant Warren Irrigation Company, and their predecessors in interest, have irrigated and still continue to irrigate about 1,700 acres of land under said canal system. That the lands of its said stockholders are arid in character, and without the use of irrigation will not produce valuable agricultural and other crops thereon, but that by and through irrigation said lands will produce valuable agricultural and other crops, and all of said waters all of said time during each and every irrigation season has been and still is needed by this defendant and its stockholders for the irrigation of said lands, and for domestic, culinary, and other purposes.

"That a second foot of water will irrigate seventy acres of land of the character described in the complaint of the plaintiff and answers of the defendants.

"That on the 5th day of September, 1911, Lyman Skeen and D. A. Skeen filed an application in the state engineer's office of the state of Utah, to appropriate thirty second feet of the flow of the waters of the Weber River at a point just below the pumping station of the Warren Irrigation Company. That thereafter due notice of the filing of said application was given, and the said application was by said state engineer duly allowed and approved, which application, among other things, stated: 'That the water is to be pumped into Warren Irrigation Company ditch from the seepage water in the Weber River, which is formed by a union of the Ogden and Weber Rivers. The water will then be carried in the Warren canal to the above described land, and there distributed into private ditches. This application is made to obtain a right for a supply to supplement the existing right or rights owned by or to be owned by the Warren Irrigation Company not more than one cubic foot per second of water for each seventy acres of land will be diverted from all sources of supply or not more than three acre feet per acre of land per annum will be diverted from all sources of supply for these lands.'

"That pursuant to said application of the said Lyman Skeen and D. A. Skeen and within the time specified therein by said engineer in his approval of said application for the beginning of actual construction work, the said Lyman Skeen

and D. A. Skeen actually began the construction of the said proposed diverting works. That thereafter and within the time originally granted and upon proper application being duly made by the said Lyman Skeen and D. A. Skeen and their successor the said engineer extended the time for the completion of said diverting works up to and including the 3d day of March, 1915.

"That thereafter and within the time so extended said Lyman Skeen and D. A. Skeen and their successors in interest constructed and installed and put into actual operation a pumping plant with sufficient capacity to divert said water, and constructed an independent ditch for distribution of and to carry the same to and upon a part of the land designated in said application, and did not pump said water into said Warren Irrigation Company's Canal at all, and during such time, and as soon as the flow of water would permit of the construction of said dam the plaintiff, as successor in interest of said Lyman Skeen and D. A. Skeen, began the construction of the cement and concrete dam as specified in its approved application to the state engineer to raise and impound said water, and as a part of the diverting works, which dam is now in course of construction and substantially completed, and which is necessary during the minimum flow of said Weber River in order to divert said water, and in the construction and installation of said diverting works and canal system plaintiff expended about $8,000.

"That after filing said application in the state engineer's office and the approval and allowance thereof, and after the beginning of the construction work on said diverting works and canal, the said Lyman Skeen and D. A. Skeen, for a valuable consideration, sold, assigned, and transferred all their right, title, and interest in and to said application and water rights and works to the plaintiff.

"That the pumps and diverting works of the plaintiff and of the defendants are located on Weber River at what is known as Draney's Bend. That during each irrigation season of each year in what is known as the lower water season, there is from twelve to thirty second feet, varying in different years, flowing down said river at said point which can

be pumped into plaintiff's and defendants' ditches, and that during the early irrigation season and during seasons when there is an unusual supply of water in said river, there is a large quantity of water flowing in said river at said point in excess of the requirements of either plaintiff or the defendants.''

Upon the findings it was adjudged that the defendant the Pioneer Land & Irrigation Company is entitled to and was awarded, as against the plaintiff, a superior and primary right to the waters in controversy, to the extent of seven second feet; the Warren Irrigation Company, fifteen second feet. The plaintiff's injunctive relief was therefore denied. From that judgment the plaintiff appeals. It, as to the Warren Irrigation Company, assails the finding in the particular that there is not sufficient evidence to support the findings that that company, prior to plaintiff's appropriation, had made any appropriation of the waters in question by pumping, diverting, or using any such waters. As to the other defendant, the Pioneer Land & Irrigation Company, the plaintiff contends that the evidence, without any substantial conflict, shows that that defendant, from 1905 to 1912, both inclusive, abandoned whatever rights it may have had in and to the use of any of the waters, and hence, that the finding, which the court made in such respect in favor of that company, is against the evidence. We, on an examination of the record, are satisfied that there is sufficient evidence to support and justify the findings so made. We see no good purpose in setting forth the evidence which, in our judgment, supports, or which may be said to be against, them.

There is but one question of law which divides the parties. The Warren Irrigation Company contends that the certificate of appropriation issued to its predecessor by the state engineer granting him fifteen second feet of water, and reciting that he had done all that was required to be done to make a complete and valid appropriation of that amount of water, was conclusive on the plaintiff and all those claiming to have acquired rights subsequent thereto. On the other hand, the plaintiff contends that such certificate is but *prima facie* evidence of the facts therein recited, and that the proof, *aliunde*

the certificate, shows that the recitals respecting the applican's diversion, use, and appropriation of the waters were false. The court's finding was not based on the proposition that the certificate was conclusive, but on the evidence adduced of an actual appropriation, diversion, and use of the waters for irrigation purposes by the Warren Irrigation Company and its predecessor. And since there is evidence to support and justify such finding it is unnecessary to determine whether the certificate is conclusive, or only *prima facie* evidence. No assignment is made, nor does the record disclose, that the plaintiff was precluded from controverting any recital of fact contained in the certificate or that the court, by any ruling, held or treated the certificate as conclusive evidence against the plaintiff.

We, therefore, are of the opinion that the judgment ought to be affirmed, with costs. Such is the order.

FRICK and McCARTY, JJ., concur.